IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TYRONE MURPHY, JR.,

          Plaintiff,

  v.                      CASE NO. 16-3197-SAC-DJW

R. PEARSON, Wyandotte County
Sheriff's Department, et al.,

          Defendants.

**O R D E R**

Plaintiff, a prisoner in state custody, filed this action on September 20, 2016. His claims arise from a traffic stop on April 9, 2014.

On November 16, 2016, the Court directed plaintiff to show cause why this matter should not be dismissed as barred by the two year limitations period for filing a claim under 42 U.S.C. § 1983 in Kansas. Plaintiff filed a timely response (Doc. #6).

Plaintiff broadly contends that several bases exist to explain the delay in filing, namely, that he was housed for approximately 18 months in a county jail, his subsequent transfer to the state Reception and Diagnostics Unit ("RDU") for approximately nine weeks, and finally, his mental capacity.

Kansas law governing the statute of limitations, including statutory and equitable tolling, applies to this action. *Braxton v. Zavaras*, 614 F.3d 1156, 1159 (10th Cir. 2010)(citing *Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995).

**Statutory tolling**

>K.S.A. § 60-515(a) provides:
>"[i]f any person entitled to bring an action … at the time the cause of action accrued or at any time during the period the statute of limitation is running, is … imprisoned for a term less than such person's natural life, such person shall be entitled to bring such action within one year after the person's disability is removed….
>
>Notwithstanding the foregoing provision, if a person imprisoned for any term has access to the court for purposes of bringing an action, such person shall not be deemed to be under legal disability." K.S.A. § 60-515(a).

The Court has considered the record and finds no basis for statutory tolling. Plaintiff does not allege that he could not pursue a lawsuit while held in the county jail; rather, he claims he lacked "adequate knowledge or resources to aid him in filing his claim." (Doc. #6, p. 1). He does not provide a detailed explanation, nor does he suggest that he made any effort to pursue a claim concerning the traffic stop.

Likewise, plaintiff points to a subsequent, nine-week period during which he was assigned to the RDU, but again, he makes no specific allegations of fact concerning his ability to file a lawsuit and does not suggest that he made any effort to do so.

**Equitable tolling**

Equitable tolling under Kansas law is limited, and plaintiff must establish that "some 'extraordinary circumstance stood in [the] way and prevented timely filing.'" *McClain v. Roberts*, 304 P.3d 364, 2013 WL 3970215, *3 (Kan.App. Aug. 2, 2013)(quoting *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1931 (2013)).

While plaintiff alleges that his mental capacity impaired his ability to file a lawsuit, he does not present any specific facts concerning his mental state which might arguably create a material

question concerning his ability to timely pursue legal remedies. *See Martin v. Naik*, 228 P.3d. 1092, 1097-1100 (Kan.App. 2010)("In the case of an incapacitated person … [K.S.A. 60-515] applies only to a person who is incapacitated at the time the cause of action accrues or who later becomes incapacitated while the statute of limitations is running.") Plaintiff's vague allegations concerning his mental condition are insufficient to suggest that any extraordinary circumstances exist to excuse his failure to timely file this action.

For these reasons, the Court concludes plaintiff is not entitled to either statutory or equitable tolling in this matter and will dismiss this action as barred by the two-year limitation period.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed due to plaintiff's failure to timely commence this action.

**IT IS SO ORDERED.**

DATED:  This 19th day of December, 2016, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge